UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

BRIAN PETEREIT,

                     COMPLAINT

      *Plaintiff*,           25 Civ. 3780

  -against-

KINGS POINT AUTO LLC,

      *Defendant.*

----------------------------------------------------------------X

  Plaintiff Brian Petereit, by his attorney David Kasell, alleges against Defendant Kings Point Auto LLC the following:

### INTRODUCTION

  1.  This action arises from Defendant Kings Point Auto LLC's intentional and deceptive sale of a vehicle materially different from the one advertised and represented to Plaintiff Brian Petereit.

  2.  Defendant engaged in classic bait-and-switch tactics, advertising a different truck with significantly better features and condition than the vehicle delivered to Plaintiff.

  3.  Defendant concealed material defects, falsely represented specific features such as automatic running boards and limited-edition badging, and delivered a defective and substantially different truck.

  4.  Plaintiff brings claims for fraudulent misrepresentation, breach of contract, breach of warranties, violations of New York General Business Law § 349, and negligent

misrepresentation to seek recovery for substantial financial losses incurred, consequential damages, and punitive damages for Defendant's willful misconduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is a resident of Illinois, Defendant is a New York entity, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b), as Defendant is located within the Eastern District of New York.

## PARTIES

7. Plaintiff Brian Petereit resides at 2054 Lind St., Quincy, Illinois 62301.

8. Defendant Kings Point Auto LLC is located at 744 Middle Neck Road, Great Neck, New York 11024, and conducts business selling automobiles.

9. Upon information and belief, Michael Goltche is the sole member of Kings Point Auto LLC, resides in the state of New York, is a New York citizen and, thus, the LLC is a New York citizen. The factual contentions concerning the citizenship of Defendant have evidentiary support and will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery.

## FACTUAL ALLEGATIONS

10. On or about September 25, 2024, Plaintiff contacted Defendant regarding a 2017 Ford F-150 Limited advertised on Defendant's website and cargurus.com.

11. Defendant represented the vehicle as in excellent condition, with specific features including a bed divider, foldable pickup box bed extender, automatic running boards, and tonneau pickup box cover.

12. Defendant further represented that the vehicle had no rust or significant damage and was mechanically and cosmetically sound.

13. Plaintiff specifically expressed concerns about rust damage and was assured by Defendant there was no significant rust or other concerns.

14. On October 1, 2024, Plaintiff wire transferred $34,970 to Defendant based on Defendant's representations.

15. After delivery, Plaintiff discovered numerous undisclosed defects and discrepancies, including substantial rust, significant body damage, defective trim, damaged wheels, missing advertised accessories such as automatic running boards, and other mechanical issues.

16. Plaintiff discovered that Defendant used photographs from a different truck previously sold to advertise the vehicle Plaintiff purchased. Plaintiff only became aware of this deception upon receiving the vehicle and conducting further investigation.

17. Upon questioning, Defendant provided a suspicious explanation that the "Limited" badging had been temporarily removed for polishing purposes, further revealing Defendant's intent to deceive.

18. Defendant deleted the duplicate advertisement listing after receiving Plaintiff's certified complaint letter, further evidencing Defendant's awareness of the fraudulent conduct.

19. Plaintiff incurred additional financial obligations due to not having a usable vehicle, including responsibility for repairs to a borrowed vehicle.

## CLAIMS FOR RELIEF

### First Claim:
### Fraudulent Misrepresentation

20. Plaintiff incorporates by reference paragraphs 1-19.

21. Defendant intentionally misrepresented material facts about the vehicle's condition, features, and origin of the advertising images.

22. Plaintiff reasonably relied on Defendant's representations and suffered financial losses.

### Second Claim:
### Breach of Contract

23. Plaintiff incorporates by reference paragraphs 1-22.

24. Defendant breached the purchase agreement by delivering a vehicle materially different from what was agreed upon.

25. Plaintiff fully performed under the contract by paying the purchase price.

26. Plaintiff suffered monetary damages due to Defendant's breach.

### Third Claim:
### Breach of Express Warranty (UCC § 2-313)

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Defendant expressly warranted the vehicle's condition and features.

29. Defendant breached these warranties by delivering a defective and incorrect vehicle.

30. Plaintiff incurred damages as a direct result.

### Fourth Claim:
### Breach of Implied Warranty (UCC § 2-314)

31. Plaintiff incorporates by reference paragraphs 1-30.

32. Defendant impliedly warranted that the vehicle was merchantable and suitable for ordinary use.

33. Defendant breached this warranty.

34. Plaintiff suffered damages from this breach.

### Fifth Claim:
### Violation of New York General Business Law § 349

35. Plaintiff incorporates by reference paragraphs 1-34.

36. Defendant engaged in deceptive business practices through false advertising and misrepresentations.

37. Plaintiff, as a consumer, was materially misled and sustained damages.

38. Plaintiff is entitled to compensatory damages, statutory penalties, attorney's fees, and costs under GBL § 349(h).

### Sixth Claim:
### Negligent Misrepresentation

39. Plaintiff incorporates by reference paragraphs 1-38.

40. Defendant negligently misrepresented the vehicle's condition, features, and origin of advertising photographs.

41. Plaintiff reasonably relied on these negligent misrepresentations.

42. Plaintiff suffered financial losses due to Defendant's negligence.

### PUNITIVE DAMAGES

43. Defendant's conduct warrants an award of punitive damages. This was not an isolated breach of contract or negligent misstatement, but a calculated and egregious fraud involving deliberate misrepresentations, the use of false photographs, and deceptive assurances

regarding the vehicle's features and condition—all designed to induce Plaintiff's reliance and payment.

44. Defendant knowingly engaged in a bait-and-switch scheme, substituting an inferior, damaged vehicle for the one advertised, and then attempted to cover up the deception through fabricated explanations and deletion of the original listing. Such morally reprehensible conduct demonstrates a high degree of moral turpitude and criminal indifference to civil obligations, and was aimed at the public generally, not just Plaintiff. Punitive damages are appropriate to punish and deter this type of consumer fraud and protect the public from future misconduct by Defendant.

45. Plaintiff furthermore demands trial by jury of all issues triable pursuant to Rule 38 of the Federal Rule of Civil Procedure.

> **WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:
>
> (a) Compensatory damages of $34,970;
>
> (b) Punitive damages at no less than three times the compensation amounting to at least $104,910;
>
> (d) Statutory damages pursuant to GBL § 349;
>
> (e) Attorney's fees and costs;
>
> (f) Prejudgment and post-judgment interest;
>
> (g) Such further relief as the Court deems just and proper.

Dated: July 8, 2025

*/s/ David Kasell*
David Kasell
Attorney for Plaintiff
Kasell Law Firm
1038 Jackson Ave., Suite 4
Long Island City, NY 11101
(718) 404-6668
dkasell@kaselllawfirm.com
